### Bridgman v. Sandy Valley & Elkhorn Railway Company.

(Decided February 2, 1917.)

#### Appeal from Pike Circuit Court.

Appeal and Error—Law of Case.—The law of a case, as declared by the Court of Appeals, upon an appeal, is the law of the case upon any subsequent appeal.

ROSCOE VANOVER and E. J. PICKELSIMER for appellant.

AUXIER, HARMAN & FRANCIS and HAGER & STEWART for appellee.

Opinion of the Court by Judge Hurt—Affirming.

This is the second appeal of this case. The opinion of the court on the former appeal may be found in 168 Ky. 219, 181 S. W. 1101, under the style of Sandy Valley & Elkhorn Railway Co. v. Bridgman. Upon the former trial, a judgment was recovered in favor of the appellant, but, upon the former appeal, to this court, that judgment was reversed and the cause remanded with directions, to the effect, that if, upon another trial the evidence was substantially the same as upon the first trial, the court should direct a verdict in favor of the present appellee. Another trial resulted in a direct verdict in favor of the appellee and the appellant appeals. In the former opinion, the evidence was set out with particularity and the facts of the case in great detail, and it is not now necessary to reiterate them. The conclusions arrived at by the court upon the former appeal, as shown by its opinion, were:

"Here Bridgman was not injured by the negligence of an employee of the company acting for it, or in the scope of his employment. Tackett was using the hand car by the consent of the company for the convenience and accommodation of himself and the other men, and Bridgman was on the hand car by the permission of Tackett, whom he had requested to let him ride. The car on which these men were riding was lent to Tackett for the use of all the men, who cared to ride upon it, and, although Tackett secured permission to use the car, in using it he was not acting as a superior agent or servant of the company, nor was the company responsible to the other men for his personal acts of negligence.

"The rule of liability in this class of cases must rest on the ground, that the company furnishes or sets apart for the use of its employees the way or means, whichever is used, and the injury must have been caused by some defect in the way or means, or caused by the negligence of some servant of the company acting at the time under the direction or within the scope of his employment. For example, as the company had furnished or set apart this means of transportation for the use and convenience of Bridgman, if he had been injured by a defect in the track or by the unsafe condition of the hand car, liability would attach to the company. And so, if while using the means that had been so furnished or set apart for the men, his injury had

been caused by some agent or servant of the company acting under its direction or within the scope of his employment, the company would be liable.''

It is not contended that appellant was injured by a defect in the track or by the unsafe condition of the hand car. It is, however, contended, as it was before, that while using the hand car, he was injured by the negligence of Tackett. Of course, this could be true and yet the appellee would not be liable, but, it is insisted, that upon the last trial evidence was offered, which tends to prove that at the time appellant was injured, Tackett was then an agent or servant of the appellee and acting under its direction or within the scope of his employment, and that appellant was, also, a servant of the appellee and acting within the scope of his employment. The facts relating to the procurement and use of the hand car, as detailed by Tackett upon the last trial, are not distinguishable from the statements made by him upon the first trial. He is led to state some conclusions, which indicate that he was acting for the appellee at the time of appellant's injury, but, when the facts are stated, from which, he draws the conclusions, the conclusions do not seem to be warranted. There was not any evidence upon the last trial which conduced to prove that Tackett was an agent or servant of appellee at the time of the injury or acting within the scope of his employment, when the conclusions drawn by him are eliminated from the evidence. It plainly appears from the evidence of appellant, that if, when he was injured, he was engaged in the service of the appellee, he did not know it, and his statements in regard to the whole transaction are not distinguishable from his evidence upon the first trial. There were some statements made upon the last trial to the effect, that appellant and his co-laborers, who lived and boarded at Three Mile, were supposed to work eleven hours per day, and from this fact, they attempt to draw the conclusion, that they were still in the employ of appellee at the time of the injury, because they did not think that they had worked as much as eleven hours upon that day. There is, also, a statement of Tackett to the effect, that they were paid every day for the time which they were engaged at work, at the rate of sixteen cents per hour, but it does not appear, that that was the amount paid them upon the day which the appellant was in-

jured, and besides, there is no evidence, which conduces to show, when they began work upon that day or when they ceased, and the injury did not occur until the laborers, who lived and boarded at Three Mile, as well as the laborers for appellee, who camped near the work, had ceased work for that day and put away their tools, when part of those, who lived or boarded at Three Mile took a train for their homes, while others, including the appellant and Tackett, undertook to go home upon the hand car, and they had gotten some distance from the place of work before the injury occurred. Under the law, as held in the former opinion, and which is now the law of the case, there was no substantial difference between the testimony upon the last trial and that upon the first, so far as the facts presented a state of case, which entitled appellant to have his case submitted to the jury, and the judgment is therefore affirmed.